```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| **JERRY PATRICK,** | |
| Plaintiff, | Case No. 06 C 3780 |
| v. | Hon. Harry D. Leinenweber |
| **THE CITY OF CHICAGO,** *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

This lawsuit arises out of the City of Chicago's (hereinafter "the City") termination of Plaintiff Jerry Patrick (hereinafter "Plaintiff"). Plaintiff's complaint seeks Writs of Certiorari and Mandamus (Counts I and II, respectively) and alleges violation of his Fifth Amendment rights (Count III) and an invasion of privacy (Count IV). Defendants, collectively, moved for dismissal of Counts II, III, and IV, a more definite statement as to Count III, and dismissal of the individual defendants. The motion is granted in part and denied in part.

### I.  BACKGROUND

Plaintiff alleges the following facts in his Complaint. The City employed Plaintiff as a cement mixer for twenty years. Plaintiff was a member of Local Number 76 of the Cement Workers Union/Laborer's International Union of North America. As a "Career Service" employee, Plaintiff could only be discharged for good

cause pursuant to the personnel rules, applicable Collective Bargaining Agreement, and other applicable policies. Plaintiff asserts that he, at all times, duly discharged his duties and complied with all employment requirements.

On May 16, 2004, Plaintiff was arrested on a drug related charge while off-duty; law enforcement officials notified the City's Inspector General ("IG") about Plaintiff's arrest. On July 13, 2004, Defendant IG investigators William Marback ("Marback") and James Taggart ("Taggart") interrogated Plaintiff. Plaintiff's supervisor, George Catezone ("Catezone"), ordered Plaintiff to answer Marback and Taggart's questions. At the interrogation, Plaintiff was sworn in and his statement was transcribed; Marback informed Plaintiff that refusal to answer questions could result in dismissal and that statements made during the interview could be used as a basis for discharge. Marback asked Plaintiff a series of questions relating to the May 16 arrest, prior arrests, and drug addiction. Plaintiff refused to answer, and the IG thereafter recommended that Plaintiff be terminated in part because Plaintiff refused to answer the interview questions. Plaintiff was discharged by Defendant Miguel d'Escoto ("d'Escoto") on March 31, 2005. The reasons given were (1) his arrest and (2) his alleged failure to cooperate with the IG's investigation.

Plaintiff alleges that he properly declined to answer questions because Section 4.3(H) of the Collective Bargaining Agreement provides that an employee will be afforded his constitutional rights concerning self-incrimination if the allegation indicates that criminal prosecution may be probable. Additionally, Section 4.3(O)(1) provides that evidence or information obtained in violation of Section 4.3 shall not be used by the employer for any disciplinary action against the employee. Plaintiff alleges that Marback and Taggart did not explain Plaintiff's Constitutional rights or tell Plaintiff that any answers he did give could not be used in subsequent criminal proceedings (so-called "use immunity," part of Plaintiff's "administrative rights"). The "Findings and Decision" of the Human Resources Board of the City of Chicago, attached to Plaintiff's Complaint as an exhibit, indicates that the Board found that Plaintiff was given his administrative rights.

After his termination, Plaintiff requested a hearing by the City of Chicago Personnel Board, and a proceeding was commenced. On April 11, 2006, the Board rendered a final decision upholding Plaintiff's termination.

## II. **STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint rather than the merits of the case. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir.

1998). The motion should be granted only if the plaintiff can prove no set of facts in support of his claim which would entitle this Court to grant him relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether the motion should be granted, a court accepts as true all well-pled factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). A court need not ignore facts in the complaint that undermine the plaintiff's claim, and thus may rely on an exhibit that contradicts an assertion made in the complaint. *Perkins v. Silverstein*, 939 F.2d 463, 469 n.4 (7th Cir. 1991).

Under Rule 12(e), if a pleading is so "vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a more definite statement may be ordered. *Direct Communications, Inc. v. Horizon Retail Const., Inc.*, 387 F.Supp.2d 828, 831 (N.D. Ill. 2005). A motion for a more definite statement is intended to eliminate confusion, not replace discovery. *Id.*

### III. DISCUSSION

#### A. Count II: Writ of Mandamus

A writ of mandamus commands the officer or body to whom it is directed to perform a specific duty to which the petitioner is entitled by right. *People ex rel. Rappaport v. Drazek*, 30 Ill.App.3d 310 (1st Dist. 1975). To state a claim for mandamus, the plaintiff must show that (1) he has a clear right to the relief

sought, (2) the defendant has a clear duty to perform, (3) and no other adequate remedy is available. *Blaney v. U.S.*, 34 F.3d 509, 513 (7th Cir. 1994); *Allgood v. City of Chicago*, 2006 WL 2682302 at *4 (N.D. Ill. Sept. 18, 2006).

### *1. Timeliness*

The City argues that Plaintiff's Writ of Mandamus should be dismissed as untimely. Absent a reasonable explanation, a request for mandamus must be brought within six months of the act giving rise to the cause of action. *Rexroat v. Abatte*, 163 Ill.App.3d 796, 799 (3d Dist. 1987). The City asserts that Plaintiff's action accrued on March 31, 2005 - the date of Plaintiff's discharge - and that Plaintiff's claim is thus untimely.

Plaintiff maintains that his cause of action is not untimely because he was required to exhaust his procedural remedies before filing a mandamus action. *See Ducker-Bey v. Mayer*, 1982 U.S. Dist. LEXIS 11640 at *4 (N.D. Ill. March 8, 1982); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). The City argues that *Ducker-Bey* and *Johnson* are distinguishable because both cases were brought pursuant to statutes that specifically required exhaustion of administrative remedies. *See Ducker-Bey*, 1982 U.S. Dist. LEXIS 11640; *Johnson,* 272 F.3d at 522. Although the City is correct that the cases involve significantly different factual scenarios, this is a distinction without a difference. In *Holmes v. U.S. Board of Parole*, 541 F.2d 1243 (7th Cir. 1976)(overruled in part on other

grounds in *Solomon v. Bensen*, 563 F.2d 339 (7th Cir. 1977)), the court states "[e]xhaustion of administrative remedies is required prior to the issuance of mandamus relief. This is consistent with the dictate that mandamus will not issue if an alternative fully adequate remedy exists." *Holmes*, 541 F.2d at 1247 (internal citations omitted). Although *Holmes* (like *Ducker-Bey* and *Johnson*) involves a statute that required the exhaustion of administrative remedies, *Holmes* ties the requirement of exhaustion to the requirements for mandamus, not the statute requiring exhaustion. *Id.*

Because mandamus cannot issue until Plaintiff can show that no other fully adequate remedies exist, he is caught in a "procedural catch 22" if required to file within six months of his termination – when his administrative remedies are not exhausted. *See generally Johnson*, 272 F.3d at 522. If Plaintiff had to file by September 30, 2005, as the City asserts, then he could not have made out a case for mandamus – he would have been unable to show that there were no fully adequate alternative remedies. As such, this Court finds the claim for mandamus, commenced less than six months after the Chicago Personnel Board's final decision on April 11, 2006, to be timely.

### *2. Clear Duty*

The City also argues that the mandamus claim should be dismissed because Plaintiff cannot establish that he possesses a

clear right to the desired relief or that the City has a clear duty to perform. *Blaney,* 34 F. 3d at 513. To obtain a writ of mandamus, a plaintiff must show a "clear legal right to the relief requested[;] the performance of a duty or act involving the exercise of judgment or discretion is not subject to review . . . by mandamus." *Pillar v. Village of Beecher*, 64 Ill.App.3d 887, 889 (3d Dist. 1978). Courts have recognized an exception to this rule where "there is a clear abuse of discretion or where an official arbitrarily refuses to exercise any discretion at all." *Id.* Mandamus "should not be used in doubtful cases; if there is evidence to support the official action, the writ must be refused." *Holland v. Quinn*, 67 Ill.App.3d 571, 573 (1st Dist. 1978).

In *Farmer v. McClure*, 172 Ill.App.3d 246 (1st Dist. 1988), a court found that a plaintiff had a "clear right and a vested interest" in the application of rules regarding the firing of a probationary employee, therefore denying the defendant's motion to dismiss. *Farmer*, 172 Ill.App.3d at 252-53. Plaintiff's mandamus claim asserts that the City has a clear duty to comply with the Chicago Municipal Code, the Collective Bargaining Agreement, and other policies relevant to Plaintiff's termination. Each contention will be examined in turn.

As an initial matter, the City points this Court toward the Chicago Municipal Code, the CBA, and the City's Personnel Rules

even though these documents were not provided by Plaintiff as exhibits. Because the Plaintiff referred to these documents and they are central to his claims, the relevant portions may be considered by the Court without converting this motion into one for summary judgment. *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). If they contradict an assertion of the complaint and reveal information that prohibits recovery as a matter of law, the documents trump the assertion in the complaint. *Perkins,* 939 F. 2d at 469 n.4.

### a. *Chicago Municipal Code*

Plaintiff alleges that the Inspector General did not have the authority to interview him regarding his off-duty conduct under § 2-56-050(b) of the Municipal Code. That section establishes that the IG's office has power to investigate Plaintiff's official duties. The City argues that the IG's interview was in fact concerned with Plaintiff's official duties: as the City Personnel Rules establish that Plaintiff could be terminated for involvement with or use of controlled substances or for engaging in any act prohibited by law. Essentially, the City argues that Plaintiff's official duties included *not* engaging in activities that constitute grounds of termination, and that therefore, any investigation into such activities constitutes an investigation into "official duties." While this might be a logical interpretation, it is not

the only one.  As such, this Court does not believe that Plaintiff can prove no set facts entitling him to relief.

### b. *Personnel Rules*

Plaintiff also alleges that the City's personnel rules established that he could be discharged only for just cause.  As the City points out, the Personnel Rules provide that Plaintiff could be terminated for violating the Illinois Compiled Statutes, and Plaintiff admits he was arrested for doing so.  As such, Plaintiff has pled himself out of court on this legal theory.

### c. *The CBA*

Lastly, Plaintiff alleges that the CBA provided him a right of protection against self-incrimination that was violated by the City.  The City asserts that Plaintiff has pled himself out of court.  Section 4.3 of the CBA provides that both *Miranda* and administrative rights cannot be given at the same proceeding, and Defendants assert that Plaintiff admitted that he received his administrative rights by attaching the Human Resources Board of the City of Chicago's "Findings and Decision."

An exhibit attached to a complaint is considered a part of the complaint.  FED. R. CIV. P. 10(c).  Under the Federal Rules, attachment of exhibits is permissive; a plaintiff need not attach a copy of a writing on which his claim for relief is based.  *Id.; see also Jarrells v. Select Pub., Inc.*, 35 Fed. Appx. 265 (7th Cir. 2002).  When considering a Rule 12(b)(6) motion to dismiss, a court

may rely on any attached exhibits should they contradict the plaintiff's allegations. *See Perkins,* 939 F.2d at 469 n.4.

Here, Plaintiff's complaint alleges that he was not given his full "administrative rights," but he has attached an exhibit which indicates that the Board of Human Resources for the City of Chicago found that he was. The exhibit merely shows that the Board of Human Resources concluded by a preponderance of the evidence that Plaintiff was given his "administrative rights"; it is by no means an admission by Plaintiff that he was. Plaintiff, in fact, appeals the Board's decision in this suit. Even if the Board concluded that Plaintiff received these rights, Plaintiff may still be able to prove that he did not. As such, granting the City's motion to dismiss on this point would be improper.

Thus, this Court dismisses Plaintiff's mandamus action only to the extent that it is based on the claim that the City did not follow the Personnel Rules.

### B. Count III: Fifth Amendment Claim

#### 1. *Motion to Dismiss*

In order to state a cause of action for violation of his Fifth Amendment rights, Plaintiff must show that he was terminated for refusing to answer specific questions related to his official duties and that he was not informed that (1) failure to answer would result in dismissal and (2) that any answers he gave could not be used against him in criminal proceedings – so-called "use

immunity." *Atwell v. Lisle Park Dist.*, 286 F.3d 987, 990 (7th Cir. 2002); *Confederation of Police v. Conlisk*, 489 F.2d 891, 894 (7th Cir. 1973). Defendants argue that Plaintiff has pled himself out of court by attaching to his complaint the Human Resources Board of the City of Chicago's "Findings and Decision," which concludes that Plaintiff was given his "administrative rights" (which outlined use immunity). As noted above, this Court does not believe that exhibit conclusively establishes that Plaintiff was not given his full administrative rights. Thus, this Court will not grant Defendants' motion to dismiss.

### 2. Failure to Exhaust

Defendants further argue that to the extent that Plaintiff's Fifth Amendment claim is based on the Collective Bargaining Agreement covering his employment, it is barred because Plaintiff does not assert in his Complaint that he filed a grievance in connection with his allegations. The cases Defendants cite are claims under the Labor Management Relations Act and are thus not applicable. Plaintiff need not exhaust his administrative remedies in order to file a § 1983 claim. *Allen v. City of Chicago*, 828 F.Supp. 543, 561 (N.D. Ill. 1993).

### 3. Motion for More Definite Statement

A court may order a plaintiff to provide a more definite statement if the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.

FED. R. CIV. P. 12(e). Federal notice pleading requires that a plaintiff provide a short and plain statement of the claim such that the court and the defendants are able "to understand the gravamen of the plaintiff's complaint." *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996). Defendants argue that a more definite statement is required because Plaintiff's complaint makes a stray allegation (within the Fifth Amendment Claim) that he had a "certain property interest in his employment," but it is unclear from the amended complaint whether Plaintiff is asserting any additional claims based on this alleged interest. This Court disagrees with Defendants. A litigant need not plead legal theories when pleading a claim and any specific factual averments in support of it. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). A complaint is a starting point and need not be "lard[ed] . . . with facts and legal theories." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *see also Parrott v. Gehrke*, 103 Fed. Appx. 908 (7th Cir. 2004). The complaint makes clear that "some recognized legal theory exists upon which relief could be accorded"; and the gravamen is clear – that Plaintiff was improperly fired based on an off-duty arrest and refusing to answer questions during an investigation of that arrest. *See Kyle v. Morton High School*, 144 F.3d 448, 460 (7th Cir. 1998). Thus, Defendants' motion for a more definite statement is denied.

### C. Count IV: Right to Privacy Claim

#### *1. Ripeness*

Defendants contend that Plaintiff does not have standing to sue because of his pending discrimination claim with the Illinois Department of Human Rights. However, an employee need not exhaust state or federal administrative remedies prior to bringing a Section 1983 claim. *See Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 930 n.2 (7th Cir. 2005).

#### *2. Merits*

As an initial matter, Defendants contend that there is no invasion of privacy with respect to the IG's questioning of Plaintiff regarding the events surrounding his arrest. This Court agrees. There is no legitimate expectation of privacy as to an arrest that becomes part of the public record. *Levin v. Board of Educ. of City of Chicago*, ___ F. Supp. 2d ___, 2007 WL 79245 at *4 n. 7 (N.D. Ill. Jan. 8, 2007). Additionally, a person has no legitimate expectation of privacy on a public road, where Plaintiff was arrested. *Lakeland Enterprises of Rhinelander, Inc. v. Chao*, 402 F.3d 739, 743 (7th Cir. 2005).

Instead, Plaintiff asserts an invasion of privacy claim (premised on questions directed to his state of mind and to his prior drug use and possible addiction) under the "disclosure strand" of an individual's right to privacy; specifically, the

right to be free from the government inquiring into matters in which it does not have a legitimate and proper concern. *See Whalen v. Roe,* 429 U.S. 589, 599-600 (1977); *Shirshekan v. Hurst*, 669 F.Supp. 238, 241 (C.D. Ill. 1987). The Seventh Circuit recognizes that "the federal right of confidentiality might in some circumstances be implicated when a state conditions continued employment on the disclosure of private information." *American Federation of Government Employees, R.R. Retirement Bo. Council, AFL-CIO v. U.S. R.R. Retirement Bd.*, 742 F.Supp. 450, 454 (N.D. Ill. 1990); *see also Pesce v. J. Sterling Morton High School, Dist. 201, Cook County, IL*, 830 F.2d 789, 797 (7th Cir. 1987). In order to determine the extent of an asserted privacy interest, a court must balance "the individual's interest in keeping the information private with the public's interest in having access to the information." *American Federation*, 742 F.Supp at 454.

Plaintiff suggests that this balancing test cannot be "performed solely on the basis of the allegations" contained in a complaint, *Shirshekan*, 669 F.Supp. at 242, and that this Court must therefore deny Defendants' motion to dismiss. Plaintiff, has pulled this quote from its context; the *Shirshekan* Court went on to state "although the facts alleged support a cause of action." *Id.* It appears that the *Shirshekan* court did evaluate the allegations and consider whether the plaintiff might be able to prove some set of facts entitling him to relief, concluding that while the

balancing test was yet to be fully applied, the complaint suggested that Plaintiff had at least stated a claim. This Court agrees that it would be impossible to fully engage in the balancing test at this juncture. However, this Court must still consider whether it appears beyond doubt that Plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 239.

In *American Federation*, a group of employees alleged that a question on a government employment application - requiring applicants to self-report use of any drug within five years - violated their right to privacy. *American Federation*, 742 F.Supp. at 453. The answer to the question could be released to the representative of any government agency. *Id.* at 455. The court granted the employees summary judgment after rejecting as sufficient the government's justification for the question, holding that "the government cannot require its employees to divulge their most intimate secrets; at least not without demonstrating a compelling need for those secrets." *Id.* at 455.

There are some obvious distinctions between this case and *American Federation* (an employment application that applies to all prospective applicants versus a post-arrest investigation affecting one government employee), but this Court believes that these do not preclude the case's applicability. As indicated in *Shirshekan*, this Court cannot conduct the full balancing inquiry that the

*American Federation* court did. But the questions at issue here are even more prying than those at issue in *American Federation* – these asked for Plaintiff's drug usage and addiction history over the entire course of his life rather than for the past five years. Plaintiff further alleged that his answers to these questions could have been disclosed to other government agencies. Thus, this Court cannot find that Plaintiff can prove no set of facts in support of his claim entitling him to relief.

Defendants argue that Plaintiff's privacy claim should be dismissed because Plaintiff refused to answer the questions. Defendants cite no cases as a basis for this proposition. Instead, the government employer's conditioning of employment on the disclosure of private information, not the disclosure itself, violates the right to privacy. *See American Federation*, 742 F.Supp. at 453-455; *Denius v. Dunlap*, 209 F.3d 944, 949-52 (7th Cir. 2000).

### D. Individual Defendants

#### *1. Official Capacity Suits*

A lawsuit against an agent of the City in his official capacity is the same thing as suing the City itself, and hence duplicative official capacity claims can be dismissed. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n.1 (7th Cir. 1993). Thus, this Court dismisses

the official capacity claims against Defendants d'Escoto, Marback, Taggart, and Catezone.

### *2. Individual Capacity Suits*

In order to state a claim against a defendant in his individual capacity under § 1983, the plaintiff must show that the individual "caused or participated in the alleged constitutional deprivation." *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996). While a plaintiff need not "prove his case at the pleading stage, he must allege facts, not mere conclusions, indicating the defendants' personal involvement in the allegedly unconstitutional activities." *Perez v. Lane*, 794 F.Supp. 286, 289 (C.D. Ill. 1992); *see also Rush Presbyterian St. Luke's Medical Center V. Safeco Ins. Co. of America*, 722 F.Supp. 485, 494 (N.D. Ill. 1989). It is this Court's belief that the individual defendants should not be dismissed. This Court has declined to dismiss either the Fifth Amendment or Right to Privacy claims, and Plaintiff has alleged that each individual defendant participated in the constitutional deprivations. Catezone ordered Plaintiff to answer questions during the interrogation. Marbeck and Taggart's interrogation was described in detail in the complaint. Plaintiff alleges that d'Escoto terminated him. Thus, this Court will not dismiss the individual Defendants in their individual capacities.

Plaintiff, however, does not allege sufficient facts to state a claim against d'Escoto under supervisor liability. The complaint alleges that d'Escoto was the Commissioner of the City Department of Transportation, and therefore was "directly or indirectly supervised the personnel at the Department." (Compl. at ¶ 9). Section 1983 liability cannot be imposed on a supervisor for a subordinate's conduct; the supervisor must be personally involved. *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997). A supervisor's failure to intervene can render him culpable if the supervisor had reason to know that a constitutional violation was going to be committed, had a "realistic opportunity" to intervene, and failed to do so, *id.*; Plaintiff fails to allege the facts necessary to support liability under this standard. Thus, to the extent that Plaintiff seeks to impose supervisor liability on d'Escoto, that claim is dismissed.

### IV. CONCLUSION

For the reasons stated above, this Court grants Defendants' Motion to Dismiss in part and denies it in part as follows:

1. Count II is dismissed only to the extent that it is based on the claim that the City did not follow the Personnel Rules; otherwise, Defendants' motion as to Count II is denied;

2. Defendants' Motion is denied as to Counts III and IV;

3. The claims against individual Defendants d'Escoto, Marback, Taggart, and Catezone in their official capacity are dismissed; and

4. Defendant's Motion to Dismiss the individual Defendants in their individual capacities is primarily denied; however, this Court dismisses the individual capacity suit against d'Escoto to the extent that it is premised on supervisor liability.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

**DATE:** 3/28/2007