# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JERRY PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 c 3780 |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | Judge Robert M. Dow, Jr. |
| Corporation, et al., | ) | |
| | ) | Magistrate Judge Valdez |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On February 25, 2008, Magistrate Judge Valdez entered an order granting in part and denying in part Plaintiff's motion for sanctions, for determination of confidential status of certain documents, for extension of discovery, and for leave to file an amended complaint [87]. Prior to entering that decision, Magistrate Judge Valdez had taken extensive briefing, convened a hearing on the motion, and undertaken "in camera" review of certain documents relevant to the motion. Before the Court are Plaintiff's objections to the February 25, 2008 order [88], Defendants' response [91], and Plaintiff's reply [93]. For the reasons stated below, the Court overrules Plaintiff's objections and affirms Magistrate Judge Valdez's order.

**I.      Background**

Plaintiff was terminated from his position with the Chicago Department of Transportation after the City's Human Resources Board determined that Plaintiff had violated the City's Personnel Rules. Plaintiff alleges that his termination was based solely on an off-duty arrest and his subsequent failure to respond to questions posed by the City's Office of the Inspector General. In his complaint, Plaintiff alleges that the City violated his rights to privacy and due process.

The documents that lie at the heart of the current dispute before the Court came to light during Plaintiff's deposition of Deputy Inspector General William Marback, which took place on August 22, 2007. During that deposition, Plaintiff's counsel learned that Marback had reviewed various "loose documents," including "criminal history reports" and "case initiation reports" concerning Plaintiff, and that Marback had those documents in his possession during the IG's attempt to question Plaintiff.

Two months later, on October 22, 2007, Plaintiff filed a motion to compel the production of the "loose documents" that Marback mentioned during his deposition [49]. Judge Leinenweber, to whom this case previously was assigned, ordered the City to produce the IG file, which the City did on November 30, 2007, one day after the Court entered an unopposed protective order [65]. At that time, Judge Leinenweber also extended the fact discovery cutoff to December 31, 2007.

The City designated every one of the more than 300 pages in the IG file "confidential" under the terms of the protective order.[1] Plaintiff took issue with those designations and filed a motion for sanctions, for determination of confidential status of certain documents, for extension of discovery, and for leave to file an amended complaint [73]. Magistrate Judge Valdez allowed full briefing on the motion [73, 76, 81, 83], convened a lengthy oral hearing on the motion [85], and undertook "in camera" review of certain documents relevant to the motion. On February 25, 2008, Magistrate Judge Valdez entered an order granting in part and denying in part Plaintiff's

---

[1] The protective order specifically encompasses the following material: "The documents and records identified in this paragraph include some or all of the documents the parties anticipate producing in response to discovery requests in this action pursuant to court order. These document contain and consist of any transcripts of Inspector General ("IG") interviews, from January 1, 2003, to the present of current or former employees of the Chicago Department of Transportation ("CDOT") accused of misconduct; complaints against individual defendants William Marback, James Taggert, Miguel d'Escoto, and George Catezone contained in their personnel files, the personnel file of the person Taggart testified at his deposition was read his Miranda rights prior to an IG interview; *and information pertaining to the manner in which the City's Office of the IG conducts its investigations*." (Emphasis added.)

motion for sanctions, for determination of confidential status of certain documents, for extension of discovery, and for leave to file an amended complaint [87]. In the portions of her decision that are pertinent to the objections before the Court, Magistrate Judge Valdez specifically ruled that (i) many, though not all, of the documents at issue are publicly available and not within the scope of the protective order, and thus should not be designated as confidential, and (ii) Plaintiff's request for leave to file an amended complaint would be denied based on Plaintiff's delay in raising and articulating the legal basis for the proposed amendment. [87, at 2].

On March 6, 2008, Plaintiff timely filed his objections to Magistrate Judge Valdez's order [88], asserting that (i) none of the documents at issue should be designated as confidential and (ii) leave to file an amended complaint should have been granted. As to the second argument, Plaintiff contends in the alternative that if the Court upholds the denial of leave to amend, it should state that the denial is without prejudice to Plaintiff's right to bring additional claims in another prospective lawsuit. The City filed a response to Plaintiff's objections [91], and Plaintiff replied [93].

**II.     Analysis**

Where, as here, a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992) ("Courts have consistently found routine discovery motions to be 'nondispositive' within the meaning of Rule 72(a)"); *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) ("The district judge correctly held that the magistrate judge's denial of Hall's motion to amend his complaint was nondispositive, subject only to review for clear error"). The Seventh Circuit has explained that, under the clear error

3

standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *American Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, 1988 WL 2788, at *1 (N.D. Ill. Jan. 8, 1988). Plaintiff objects to two specific rulings encompassed within Magistrate Judge Valdez's February 25, 2008 order. The Court will analyze each objection in turn.

### A. Confidential status of certain documents

The discovery issue raised in Plaintiff's objections is about confidentiality, not production, for the parties agree that all documents from the IG file have been produced, are in Plaintiff's possession, and may be used by Plaintiff in this litigation. Plaintiff's motion challenged the City's designation of its entire supplemental production of 300+ documents as "confidential" under the terms of the protective order entered without objection by Judge Leinenweber on November 29, 2007. Properly recognizing the City's burden to justify its designation under the protective order, Magistrate Judge Valdez largely ruled in *Plaintiff's* favor, essentially concluding that the City's initial designation was overly expansive. Tracking the language of the agreed protective order, Magistrate Judge Valdez specifically ruled that all publicly available documents that do not "pertain[] to the manner in which the City's office of IG conducts its investigations" should *not* be designated as confidential. [87, at 2]. The upshot of that ruling is that the City has carried its burden *only* as to *non-public* documents that pertain to the *manner* in which the City's office of IG conducts its investigations. Correspondingly, in

4

view of the City's burden on the issue, it must be presumed that any documents outside of that category may not be designated as confidential at this time.

In enforcing the protective order, Magistrate Judge Valdez in no way can be said to have ruled in a manner that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(b). Plaintiff's suggestion [88, at 5] that the portion of the IG file that was produced on November 30, 2007, was not meant to be "within the ambit of the protective order" entered on November 29, 2007, is not persuasive. The sequence of events and the transcript of proceedings before Judge Leinenweber on October 25, 2007, in which the Court set a schedule for the filing of a protective order and the production of the portion of the IG file in dispute, indicate that the two matters were closely linked and that both the parties and the Court contemplated that at least some of the documents in the IG file and subject to the Court's disclosure order might fall within the scope of the confidentiality provisions of the protective order. The materials that remain "confidential" under Magistrate Judge Valdez's ruling track precisely the language proposed by the parties and adopted by Judge Leinenweber when he entered the protective order. Finally, to the extent that the parties are unclear as to precisely which of the documents remain confidential, they are of course free – after making every good faith effort to reach accord (see Local Rule 37.2) – to file a motion for clarification, which this Court would refer to Magistrate Judge Valdez because she already has reviewed the documents *in camera*.

### B. Motion for leave to amend complaint

Although Plaintiff objects to Magistrate Judge Valdez's denial of Plaintiff's motion for leave to file an amended complaint, Plaintiff offers very little argument – and essentially no legal argument grounded in Seventh Circuit or Northern District case law – in support of his contention that the ruling was clearly erroneous. Indeed, Plaintiff appears more intent on arguing

5

his alternative request for a "finding" with respect to his asserted right to bring claims in a prospective new lawsuit than on attempting to persuade the Court that Magistrate Judge Valdez clearly erred in ruling that he could not amend his complaint to assert those claims in this lawsuit.

With respect to the denial of leave to amend, Plaintiff's principal contention is that Magistrate Judge Valdez erred in believing that Plaintiff had not raised the prospect of amending his complaint before the close of discovery. In reviewing the timeline, Plaintiff is correct in pointing out that he *raised the issue* of an amended complaint on December 18, 2007, two weeks prior to the close of discovery. However, both at the hearing and in her written ruling, Magistrate Judge Valdez focused not only on how late in the case Plaintiff's request to amend his complaint was made, but also on Plaintiff's delay in articulating any legal basis for the proposed amendment. See [87, at 2]; see also 2/7/08 Trans. at 14-20. Magistrate Judge Valdez's conclusion that Plaintiff did not adequately explain any legal basis for amending his complaint in his motion or supporting briefs, or indeed at any time prior to the February 7 hearing, led to the denial of the motion on the ground that Plaintiff "did not *sufficiently explain* why he delayed in raising this issue until after the close of discovery." [87, at 2 (emphasis added)].

In short, both the transcript of the February 7 motion hearing and the February 25 written ruling reflect Magistrate Judge Valdez's judgment that (i) Plaintiff did not pursue the trail of any amended claims that he may have wished to assert with sufficient urgency, either after the receipt of the documents referenced in the August 2007 deposition or the filing of his motion in December 2007, and (ii) Plaintiff did not substantiate any legal basis for the proposed amendment until after the close of discovery. See *Glatt v. Chicago Park Dist.*, 87 F.3d 390, 394 (7th Cir. 1996) (affirming denial of motion for leave to amend complaint and explaining that a

6

motion for leave to amend a complaint filed long after the original complaint was filed is "addressed to the discretion of the district court" and "requires more to compel acceptance than the fact that the pleading sought to be added states a claim"). To be sure, Plaintiff could have presented a respectable legal argument that leave to amend should have been granted because – for example – no trial date has been set and the prejudice to Defendants as a result of the new claims and additional discovery would have been manageable. See, *e.g.*, *Jacobs v. Xerox Corp. Long Term Disability Income Plan*, 520 F. Supp. 2d 1022, 1045-48 (N.D. Ill. 2007) (discussing in detail the law governing motions for leave to file an amended complaint). Although no such argument appears to have been presented to Magistrate Judge Valdez [see 78, 83] or to this Court [see 88, 93], the Court has considered the pertinent case law in light of the circumstances present here and concludes that the motion for leave to amend raised a debatable question as to which reasonable minds could differ.

There is no dispute that leave to amend a complaint pursuant to Rule 15(a) lies within the discretion of the Court (see *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995)), and under Rule 72(a), it was Magistrate Judge Valdez's call to make in the first instance. Where, as here, the matter is before this Court on objections from a ruling on a non-dispositive motion, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). For the reasons stated above, this Court has no such conviction, and thus cannot conclude that Magistrate Judge Valdez abused her discretion in denying Plaintiff's motion for leave to amend his complaint.[2]

---

[2] The Court declines Plaintiff's alternative request [88, at 9; 93, at 6-7] that the Court specifically state that leave to file an amended complaint is "denied without prejudice to his right to file any other separate charge or cause of action based on the newly-discovered IG file." The sole issue before this Court at this time is whether Magistrate Judge Valdez's ruling that Plaintiff may not file an amended complaint in this

7

**III. Conclusion**

For the foregoing reasons, the Court overrules Plaintiff's objections and affirms Magistrate Judge Valdez's written order entered on February 25, 2008 [87].

Dated: June 4, 2008  
_____  
Robert M. Dow, Jr.  
United States District Judge

---

case was "clearly erroneous or contrary to law." The Court offers no opinion on the propriety of any independent action that Plaintiff may choose to file based on information that was disclosed in the IG file.